IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,944






EX PARTE DONALD JAY PRUITT, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM HUTCHINSON COUNTY






 Per Curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this Court
pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq. Applicant was convicted of the
felony offense of Aggravated Robbery, and punishment was assessed at 55 years confinement. 
No direct appeal was taken.

 Applicant contends, inter alia, that he was denied his right to appeal. The trial court
entered findings of fact and conclusions of law recommending that Applicant be granted an
out-of-time appeal due to ineffective assistance of counsel. We agree. Tex. Code Crim.
Proc. art. 26.04 (j) (2), requires appointed counsel to "represent the defendant until charges
are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of
his duties or replaced by other counsel". The duty to perfect an appeal attaches whether
counsel is appointed or retained. See Ex parte Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). 
Knowing that Applicant wanted to appeal, counsel had the duty to timely file a motion for new
trial or give timely notice of appeal, unless relieved by the trial court or replaced by other
counsel.

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from his
conviction in cause number 7575-A from the 316th District Court of Hutchinson County. The
proper remedy in a case such as this is to return Applicant to the point at which he can give
notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits shall
be calculated as if the conviction had been entered on the day that the mandate of this Court
issues. We hold that Applicant, should he desire to prosecute an appeal, must take affirmative
steps to see that notice of appeal is given within thirty days after the mandate of this Court has
issued.

 

DO NOT PUBLISH

DELIVERED: May 5, 2004